## 11182

### HARTSVILLE FERTILIZER CO. v. DOUGLAS
#### (117 S. E., 78)

AGRICULTURE—STATUTE RELATING TO SALE OF BAD FERTILIZER HELD NOT TO GIVE EXCLUSIVE REMEDY.—In an action on notes given for fertilizer, the sustaining of a demurrer to an answer and a counterclaim alleging that the fertilizer was of no value and was injurious and destructive, on the theory that the statute relating to the sale of bad fertilizer gave an exclusive remedy, *held* error.

Before MAULDIN, J., Chesterfield, April, 1922. Reversed.

Action by Hartsville Fertilizer Company against J. L. Douglas. From order sustaining a demurrer to the answer and counterclaim the defendant appeals.

*Messrs. M. J. Hough* and *P. A. Murray, Jr.,* for appellant, cite: *Warranty in sale of fertilizer:* 117 S. C., 140. *Defect in fertilizer available as a defense in suit on fertilizer notes:* 97 S. C., 389; 117 S. C., 140. *No shortage of one ingredient as in* 111 S. C., 469. *Amendment should have been allowed:* 68 S. C., 554; Code Proc. 1912, Sec. 224.

*Mr. F. A. Miller,* for respondent, cites: *Proper allegation of fraud:* 99 S. C., 395; 78 S. C., 486; 61 S. C., 190. *Defendant estopped by payment made after crop was completed:* 10 R. C. L., 694; 41 L. R. A. (N. S.), 740. *Case is governed by* 111 S. C., 469.

April 10, 1923.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The following statement appears in the record:

"This is an action by plaintiff to recover on notes given for the purchase price of fertilizer. The defendant answered, setting up failure of consideration and breach of warranty, alleging that the fertilizer for which the notes were given was of no value, and was deleterious, injurious,

and destructive." The answer also set up a counterclaim asking recovery against plaintiff on account of damages sustained to crops by reason of the fact that said fertilizer was deleterious, injurious, and destructive. The plaintiff demurred to the answer, on the ground that same did not state facts sufficient as a foundation to avoid payment; and on the ground that the counterclaim did not state facts sufficient as a foundation for the recovery by defendant against plaintiff of any sum whatever, in that said counterclaim alleged no actionable wrong. His Honor, the Circuit Judge, sustained the demurrer on both grounds holding that this case was ruled by *Richmond Guano Company v. Kirkpatrick,* 111 S. C., 469; 98 S. E., 327, and that, as there was no allegation of fraud in the answer, that the statutes regulating the sale of fertilizer were exclusive as a remedy."

The ruling of his Honor, the Circuit Judge, in different language was as follows:

"In the absence of the allegation of fraud, I think that the remedy allowed by statute is exclusive, and the case is ruled by *Richmond Guano Company v. Kirkpatrick,* 111 S. C., 469; 98 S. E., 327."

The question involved in this case has been so recently decided by this Court, in *Patterson v. Orangeburg Fertilizer Company,* 117 S. C., 140; 108 S. E., 401, that it is only necessary to refer to that case to show that the ruling of the Circuit Judge was erroneous.

Reversed.